UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL GRAY, as parent and next friend
of ARIANA M. BUNTING,

    Plaintiff,

                                                          Case No. 99-71087
v.                                                      Hon. Sean F. Cox

EDWARD JOSEPH GRAY, et al.,

    Defendants.
_____/

## **OPINION AND ORDER**

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Relief from Dismissal pursuant to Fed. R. Civ. P. 60(b)(6) ("Rule 60(b)(6) Motion") (Docket #54). No response has been filed, and the Court concludes that no response is necessary to resolve Plaintiff's Motion. In addition, the Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in Plaintiff's papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the brief submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Rule 60(b)(6) Motion is denied.

### II. BACKGROUND

This case grew out of divorce proceedings in Guam, a U.S. Territory, between Plaintiff Cheryl Gray ("Plaintiff") and Defendant Edward Joseph Gray ("Defendant"). The facts of the case are set forth in detail in *Bunting ex rel. Gray v. Gray*, 2 F. App'x 443 (6th Cir. 2001), and are incorporated by reference herein. The Court briefly notes the following additional facts.

After the Sixth Circuit reversed and remanded the instant cause of action to this Court on February 15, 2001, Plaintiff filed a notice of voluntary dismissal without prejudice on March 21, 2001, as well as a stipulation dismissing Defendant Navy Federal Credit Union, without prejudice, about the same time. In 2013, Plaintiff filed an action in this Court against Defendant, alleging that Defendant's actions in their Guam Superior Court divorce proceedings and the unconstitutional Guam divorce statutes violated her rights under the Due Process and Equal Protection Clauses. *See Gray v. Gray*, No. 13-13434, E.D. Mich. 2013 (the "2013 Gray Case"). In upholding this Court's dismissal of the 2013 Gray Case because Defendant was not a state actor, the Sixth Circuit also upheld this Court's order enjoining Plaintiff "from filing future actions involving these same issues [the divorce proceedings] without first obtaining leave of the court . . . [i]n light of [Plaintiff's] history of vexatious filings[.]" *Gray v. Gray*, No. 14-1576, Slip Op. at 2, Feb. 18, 2015 (6th Cir. 2015). The Sixth Circuit also imposed sanctions against Plaintiff in the 2013 Gray Case, stating that the 2013 Gray Case "had no chance of success and was indeed frivolous. In enjoining her from filing another action against her ex-husband without leave of the court, the district court recognized that [the 2013 Gray C]ase was merely the most recent act in her decade-and-a-half exploitation of the legal system to harass her ex-husband."

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 60, parts (b) and (c) provide, in part, that:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * * * *
>
> (6) any other reason that justifies relief.

2

**(c) Timing and Effect of the Motion.**

**(1) Timing**.  A motion under Rule 60(b) must be made within a reasonable time . . .

## IV.  ANALYSIS

The Court finds that the statements of Plaintiff in the Rule 60(b)(6) Motion and supporting brief demonstrate that her motion was not filed within a reasonable time.  Specifically, Plaintiff states (emphasis added):

> In 1998, Guam enacted P.L. 24-301 to provide public records and information on the internet. . . .
>
> Due to [a] lack of funding, the Office of the Compiler of Laws [for Guam] was not created in Guam until 2004.  That Office is tasked with publishing the Guam Code Annotated, Opinions of the Supreme Court of Guam, Attorney General Opinions, Executive Orders and the Guam Administrative Rules, and did not launch a website until 2004.  For eight years[,] a printed version of the Guam laws enacted between 1996 and 2004 did not exist.  In 2005, the Office of the Compiler of Laws issued a printed version. . . .
>
> As a result of the above, at the time [this] matter was dismissed in 2001, the information available to [P]laintiff in Michigan regarding Guam laws, legislation and Guam court decisions was limited to that available in local libraries and through online legal search sites, such as Lexis, and was virtually non-existent, with the exception of the federal District Court of Guam.
>
> Despite continued due diligence, [P]laintiff could not discover information that would be available from the Guam government until 2004 and 2005 due to that government's lack of funding.  Nor could [P]laintiff discover extraordinary facts regarding Congressional oversight implicating separation of powers violations within the three branches of Guam government, and the Superior Court of Guam's clandestine agreements with lobbyists to subvert the Guam Supreme Court, until these facts were exposed by Congress and Guam officials in 2004 and 2005, respectively.  Plaintiff did not discover these facts until mid-2013.

As Plaintiff's statements evidence, even viewing them in a light most favorable to Plaintiff, Plaintiff had the ability to know or discover in 2004 or 2005 the information upon which she bases her arguments in the Rule 60(b)(6) Motion, a motion that was not filed until 2014. Plaintiff offers no explanation, and the Court does not believe an explanation can be proffered for, why there was approximately a nine-year delay between when the information was available to Plaintiff via the Internet (in 2004 or 2005) and the time the Rule 60(b)(6) Motion was filed in 2014. In other words, the Court concludes, as a matter of law, that the Rule 60(b)(6) Motion was not "filed within a reasonable time." Accordingly, the Court shall deny the Rule 60(b)(6) Motion due to Plaintiff's failure to file it within a reasonable time.

In addition, in reviewing the substance of the Rule 60(b)(6) Motion, the Court finds that Plaintiff has offered no evidence that would support granting relief from judgment pursuant to Rule 60(b)(6). First, Plaintiff voluntarily dismissed her cause of action, without prejudice, in 2001. Thus, there is no relief from her voluntary dismissal of this cause of action that is appropriate pursuant to Rule 60(b)(6). Second, the Rule 60(b)(6) Motion is a collection of conjectures, none of which establishes that any named Defendant engaged in improper actions. Therefore, even if Rule 60(b)(6) afforded Plaintiff an avenue for the relief she seeks, the Court would also deny the Rule 60(b)(6) Motion on the merits. Third, even if the Court were to treat Plaintiff's motion as one to reinstate the case, Plaintiff's motion was filed more than 13 years after she voluntarily dismissed the case. As such, the Court would deny a motion to reinstate the case as untimely.

Finally, as this Court and the Sixth Circuit made clear in the 2013 Gray Case, Plaintiff has a "history of vexatious filings" during a "decade-and-a-half exploitation of the legal system to harass her ex-husband." This Court's injunction in the 2013 Gray case prohibited Plaintiff from filing

future actions based on the divorce of Plaintiff and Defendant, an injunction upheld by the Sixth Circuit. That injunction technically does not operate to bar the Rule 60(b)(6) Motion, even though the Rule 60(b)(6) Motion was filed after this Court announced the injunction, because the Rule 60(b)(6) Motion is not a new action. The Court finds, however, that the Rule 60(b) Motion is a clear attempt to circumvent the injunction in the 2013 Gray Case and once again litigate the divorce obtained by Defendant. Accordingly, the Court shall enjoin Plaintiff from making any future filings in this case (No. 99-71087), without first seeking and obtaining leave of the Court.

## V.  CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Dismissal pursuant to Rule 60(b)(6) (Docket #54) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is enjoined from making any future filings in this case (No. 99-71087), without first seeking and obtaining leave of the Court.

IT IS SO ORDERED.

Dated:  March 6, 2015                              S/ Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge


I hereby certify that on March 6, 2015, the foregoing document was served on counsel of record via electronic means and upon Cheryl Gray and Edward Joseph Gray via First Class mail at the addresses below:

|  |  |
|---|---|
|  | Michael C. McDaniel |
| Cheryl L. Gray | Michigan Department of Attorney General |
| 8855 Nebraska Street | Tort Defense Division |
| Livonia, MI 48150 | P.O. Box 30736 |
|  | Lansing, MI 48909 |
| Edward Joseph Gray |  |
| EOD MU5 Det Marianas |  |
| PSC 455 Box 202 |  |
| FPO AP 96540-1300 |  |

                                                   S/ J. McCoy
                                                   Case Manager

5